**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Taylor Harden,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | No. CIV 11-694-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is an amended petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 23, 2012, by Robert Taylor Harden, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 5) Harden argues the state trial court and court of appeals erred by summarily dismissing his notice of post-conviction relief without appointing counsel. *Id.*

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. Federal habeas corpus relief is not available to redress procedural errors in the state's post-conviction relief process.

//

//

Summary of the Case

Harden pleaded guilty in Pima County Superior Court to one count of molestation of a child and one count of molestation of a child in the second degree pursuant to a plea agreement. (Doc. 12-1, p. 3)  On April 26, 2010, the trial court sentenced Harden to a 10-year term of imprisonment plus lifetime probation.  *Id*.

On March 10, 2011, Harden filed a notice of post-conviction relief claiming the Uniform Conditions of Supervised Probation document contains ambiguous language. (Doc. 12, p. 2); (Doc. 12-3, p. 3)   The trial court summarily dismissed the notice as untimely citing Ariz.R.Civ.P. 32.2(b) and explaining that the notice failed "to set forth any reasons for the delay or explanations from which the court can determine that the petitioner exercised diligence in uncovering the facts related to this document."  (Doc. 12, pp. 2-3); (Doc. 12-1, p. 14) Harden filed a petition for review with the Arizona Court of Appeals, which granted review but denied relief.  (Doc. 12, p. 3); (Doc. 12-3)

 On November 3, 2011, Harden filed in this court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He filed an amended petition on January 23, 2012.  (Doc. 5) In his three grounds for relief, Harden argues the trial court and court of appeals erred by summarily dismissing his notice of post-conviction relief without appointing counsel.  *Id*.

In their answer, the respondents argue the claims are time-barred and procedurally defaulted. (Doc. 12) They argue in the alternative that the issues are not addressable in federal habeas review.  *Id*.


Discussion

The writ of habeas corpus affords relief to persons in state custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

In this case, Harden claims the trial court and court of appeals erred by summarily dismissing his notice of post-conviction relief without appointing counsel. The post-conviction review process, however, is not mandated by the federal Constitution.  *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1987).  Accordingly, any errors in that process do not

violate the Constitution, and are not cognizable through a federal habeas corpus proceeding. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S. 1123 (1999); *see also Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000) ("[A] criminal defendant has no constitutional right to counsel on discretionary appeals.").

The court does not reach the respondents' procedural arguments.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Amended Petition for Writ of Habeas Corpus. (Doc. 5) Federal habeas corpus relief is not available to redress procedural errors in the state's post-conviction relief process.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 17th day of December, 2012.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 3 -