IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Taylor Harden,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. 11-CV-694-TUC-RCC (LAB)<br><br>**ORDER** |

Before the Court is the December 17, 2012, Report and Recommendation (R&R) from Magistrate Judge Leslie A. Bowman (Doc. 19) recommending that this court deny Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). Petitioner timely filed objections to the R&R (Doc. 21). For the following reasons, this court will adopt the R&R.

**I.  BACKGROUND**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Bowman's R & R (Doc. 19). This Court fully incorporates by reference the "Summary of the Case" section of the R & R into this Order. As such, the Court will not repeat that entire discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by the Petitioner.

**II.  LEGAL STANDARD**

The duties of the district court in connection with a R&R are set forth in Rule 72 of

the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

**III. DISCUSSION**

In the R&R, Magistrate Judge Bowman concluded that the alleged procedural errors cited by Petitioner as the basis for his petitioner do not violate the Constitution, and are therefore not cognizable through a federal habeas corpus proceeding. The R&R recommended that this Court dismiss Petitioner's claims as federal habeas relief is not the appropriate avenue to redress alleged state post-conviction procedural errors.

Petitioner filed his objection to the R&R on January 30, 2013. In this objection, Petitioner failed to object to any of the Magistrate's specific findings or recommendations in the R&R. Instead, Petitioner restated his arguments concerning his lack of appointed counsel during the state post-conviction process. Petitioner did not address the issues of whether state post-conviction procedure is governed or mandated by the federal Constitution. Moreover, a review of Petitioner's objections shows that Petitioner failed to identify any flaws whatsoever in the R&R's citation to legal authority, discussion of the pertinent facts, reasoning, and ultimate conclusion regarding Petitioner's habeas petition. If a party has objections to a R&R, those specific objections must be filed in writing explaining why the R&R is flawed. Petitioner's objections merely incorporate the same arguments he made in

1  his original petition and reply. Magistrate Judge Bowman has already addressed the issues
2  raised in the petition. Merely reasserting the grounds of the petition as an objection provides
3  this Court with no guidance as to what portions of the R&R Petitioner considers to be
4  incorrect. As such, the Court will deem Petitioner's objections, which are mere recitations
5  of earlier arguments, ineffective. *See* Fed.R.Civ.P. 72(b)(2) (stating that a district judge
6  "shall make a de novo determination . . . of any portion of the magistrate judge's disposition
7  to which *specific written objection* has been made[.]") (emphasis added).

8        Therefore, to the extent that no objection has been made, arguments to the contrary
9  have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object
10 to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes
11 to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th
12 Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no
13 clear error on the face of the record in order to accept the recommendation). This Court
14 considers the R&R to be thorough and well-reasoned and agrees that Petitioner has failed to
15 show that the federal Constitution requires the appointment of counsel for state post-
16 conviction relief proceedings.

17       The Court is relieved of any obligation to review a general objection to the R&R. *See*
18 *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[Section
19 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an
20 objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of
21 the magistrate judge's disposition that has been *properly objected to*.") (emphasis added).
22 However, even after conducting an independent, de novo review of the record, the Court
23 finds that the state post-conviction relief process is not mandated by the federal Constitution.
24 The Court will adopt the R&R of Magistrate Judge Bowman (Doc. 19).

25 **IV.   CERTIFICATE OF APPEALABILITY**

26       Before Petitioner can appeal this Court's judgment, a certificate of appealability must
27 issue. *See* 28 U.S.C. § 2253(c); Fed.R.App. P. 22(b)(1). Federal Rule of Appellate
28 Procedure 22(b) requires the district court that rendered a judgment denying a petition made

pursuant to 28 U.S.C. § 2254 to "either issue a certificate of appealability or state why a certificate should not issue." Additionally, 28 U.S.C. § 2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Upon review of the record, and in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings. Accordingly,

**IT IS ORDERED:**

(1) Magistrate Judge Bowman's Report and Recommendation (Doc. 19) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

(2) **Denying** Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 5).

(3) Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 5) is **dismissed with prejudice**. The Clerk of the Court shall enter judgment accordingly and close this case.

(4) This Court declines to issue a Certificate of Appealability.

DATED this 6th day of May, 2013.

Raner C. Collins
United States District Judge